**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James D. Chapman, Appellant.

Appellate Case No. 2011-198167

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2013-UP-151
Submitted March 1, 2013 – Filed April 10, 2013

**AFFIRMED**

Appellant Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. White*, 372 S.C. 364, 373, 642 S.E.2d 607, 611 (Ct. App. 2007) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's sound discretion."); *id.* ("The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion."); *id.* ("To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both the error of the ruling and the resulting prejudice."); *id.* at 374, 642 S.E.2d at 611 ("To show prejudice, there must be a reasonable probability that the jury's verdict was influenced by the challenged evidence or the lack thereof."); *id.* at 374-75, 642 S.E.2d at 612 ("There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge."); *id.* at 375, 642 S.E.2d at 612 ("For a court to find a witness competent to testify as an expert, the witness must be better qualified than the fact finder to form an opinion on the particular subject of the testimony."); *State v. Robinson*, 396 S.C. 577, 586, 722 S.E.2d 820, 825 (Ct. App. 2012) ("However, defects in the amount or quality of education or experience go to the weight of the expert's testimony and not its admissibility.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.